IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

AMERICAN CHEMISTRY COUNCIL, ET AL.,

*Petitioners*,

v.

U.S. ENVIRONMENTAL PROTECTION AGENCY,

*Respondent*.

ON PETITIONS FOR REVIEW OF FINAL AGENCY ACTION
OF THE ENVIRONMENTAL PROTECTION AGENCY

**REPLY BRIEF OF PETITIONERS AMERICAN CHEMISTRY COUNCIL
AND AMERICAN FUEL & PETROCHEMICAL MANUFACTURERS**

David Y. Chung
Warren Lehrenbaum
Lynn T. Phan
Crowell & Moring LLP
1001 Pennsylvania
Avenue, NW
Washington, DC 20004-
2595
(202) 624-2500
dchung@crowell.com

*Counsel for Petitioners
American Chemistry
Council and American
Fuel & Petrochemical
Manufacturers*

Laura Gooding
American Chemistry
Council
700 2nd Street, NE
Washington, DC 20002

*Counsel for Petitioner
American Chemistry
Council*

Richard S. Moskowitz
Tyler J. Kubik
American Fuel &
Petrochemical
Manufacturers
1800 M Street, NW,
Suite 900N
Washington, DC 20036

*Counsel for Petitioner
American Fuel &
Petrochemical
Manufacturers*

# TABLE OF CONTENTS

TABLE OF CONTENTS................................................................................................i

GLOSSARY.......................................................................................................iv

SUMMARY OF ARGUMENT ............................................................................ 1

ARGUMENT .................................................................................................... 2

I.    The Final Rule Violates TSCA By Authorizing Disclosure of CBI Based on Reporting of Non-Confidential Information by Downstream Entities Without Knowledge of Specific Chemical Identity. ..................................................................................... 2

II.    The Final Rule's Requirement to Assert and Substantiate Confidentiality Claims for Chemical Identities Reported via Nonconfidential Accession Numbers by Entities Who Lack Knowledge of the Confidential Identities is Arbitrary and Capricious. ................................................................................... 7

    A.    EPA Has Arbitrarily and Capriciously Adopted Inconsistent Approaches to The Knowledge Issue. ........................... 8

    B.    EPA's Claim that Its Approach to the Knowledge Issue Has Remained Consistent and Unchanged Lacks Record Support. ........................................................................................... 12

    C.    EPA's Position that the Knowledge Issue Is Best Addressed in Specific Reporting Rules Rings Hollow. .................. 15

CONCLUSION ................................................................................................. 20

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advocs. for Highway & Auto Safety v. Fed. Motor Carrier Safety Admin.*,
    429 F.3d 1136 (D.C. Cir. 2005)........................................................................19

*Cnty. of L.A. v. Shalala*,
    192 F.3d 1005 (D.C. Cir. 1999)........................................................................11

*Colo. Interstate Gas Co. v. FERC*,
    850 F.2d 769 (D.C. Cir. 1988).............................................................................8

*Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*,
    591 U.S. ---, 140 S. Ct. 1891 (2020)................................................................12

*Transactive Corp. v. United States*,
    91 F.3d 232 (D.C. Cir. 1996)...........................................................................8, 9

**Statutes**

5 U.S.C. § 552(b)(4)............................................................................................2

15 U.S.C. § 2613(a) ............................................................................................2

15 U.S.C. § 2613(d) ............................................................................................2

15 U.S.C. § 2613(e) .........................................................................................3, 6

**Regulations**

40 C.F.R. § 703.5 ...............................................................................................1

40 C.F.R. § 703.5(b)(3)(i)....................................................................................4

40 C.F.R. § 703.5(b)(3)(iii)(B) ............................................................................4

40 C.F.R. § 703.5(b)(3)-(4)..................................................................................3

40 C.F.R. § 703.5(b)(3)(v)...................................................................................4

40 C.F.R. § 703.5(b)(4)(i)................................................................................4, 10

40 C.F.R. § 704.7 ................................................................................16

40 C.F.R. § 704.20(d)(1) ......................................................................16

40 C.F.R. § 711.15(b)(3)(i) ..............................................................12, 13

40 C.F.R. § 711.15(b)(3)(i)(A)-(B) .......................................................14

40 C.F.R. § 711.30(c) ..........................................................................10

40 C.F.R. § 711.30(c)(1) ......................................................................10

40 CFR part 2 ......................................................................................16

40 CFR part 703 ............................................................................15, 16

**Other Authorities**

75 Fed. Reg. 49,656 (Aug. 13, 2010) ...................................................13

76 Fed. Reg. 50,816 (Aug. 16, 2011) ...................................................14

82 Fed. Reg. 37,520 (Aug. 11, 2017) ..............................................10, 11

88 Fed. Reg. 37,155 (June 7, 2023) ...........................................8, 15, 16

88 Fed. Reg. 70,516 (Oct. 11, 2023)...........................................13, 17, 18

EPA, *Instructions for Reporting 2020 TSCA Chemical Data Reporting*
(May 2020)..........................................................................................9

EPA, *Instructions for Reporting PFAS Under TSCA Section 8(a)(7)*
(Oct. 2023) ........................................................................................18

# GLOSSARY

| | |
|---|---|
| 2011 CDR Rule | TSCA Inventory Update Reporting Modifications; Chemical Data Reporting, 76 Fed. Reg. 50,816 (Aug. 16, 2011) |
| ACC | American Chemistry Council |
| AFPM | American Fuel & Petrochemical Manufacturers |
| CA Index Name | Chemical Abstracts Index Name |
| CASRN | Chemical Abstracts Service Registry Number |
| CBI | Confidential Business Information |
| CDR | Chemical Data Reporting |
| EPA | Environmental Protection Agency |
| Final Rule | Confidential Business Information Claims Under the Toxic Substances Control Act (TSCA), 88 Fed. Reg. 37,155 (June 7, 2023) |
| Inventory | Toxic Substances Control Act Chemical Substance Inventory |
| Inventory Reset Rule | TSCA Inventory Notification (Active-Inactive) Requirements, 82 Fed. Reg. 37,520-02 (Aug. 11, 2017) |
| JA | Joint Appendix |
| PFAS Reporting Rule | Toxic Substances Control Act Reporting and Recordkeeping Requirements for Perfluoroalkyl and Polyfluoroalkyl Substances, 88 Fed. Reg. 70,516 (Oct. 11, 2023) |
| TSCA | Toxic Substances Control Act |

# SUMMARY OF ARGUMENT

Neither the Final Rule at issue in this case nor the U.S. Environmental Protection Agency's ("EPA") brief explains how an entity subject to a Toxic Substances Chemical Act ("TSCA") reporting requirement could assert and substantiate a confidentiality claim for a specific chemical identity that it does not know. Where a submitter does not know a specific chemical identity because its upstream supplier has an EPA-approved confidentiality claim for the underlying specific chemical identity, and that submitter reports using only a non-confidential accession number or generic name, there is no lawful or logical basis for EPA to conclude that the downstream submitter's failure to reassert and re-substantiate a confidentiality claim for the underlying identity waives the approved confidentiality claim. Yet EPA adopted that interpretation in 40 C.F.R. § 703.5.

EPA defends that aspect of the Final Rule by claiming that it has consistently—at least since 2011—taken the position that the failure to substantiate a claim to protect confidential business information ("CBI") results in waiver *regardless* of whether the reporting entity actually knows (and/or could substantiate) the underlying identity. EPA further argues that the Final Rule does not require anyone to report specific chemical identities and thus, it is reasonable to address the knowledge issue in specific reporting rules. In so doing, EPA relies on explanations that are inconsistent, unreasonable, and lack record support.

## ARGUMENT

**I.**    **The Final Rule Violates TSCA By Authorizing Disclosure of CBI Based on Reporting of Non-Confidential Information by Downstream Entities Without Knowledge of Specific Chemical Identity.**

As Petitioners argued (at 20-27) and EPA itself acknowledges (at 7), TSCA Section 14(a) broadly prohibits the Agency from disclosing CBI, such as specific chemical identity, that has been properly asserted and substantiated except under narrow circumstances described in Section 14(d). *See* 15 U.S.C. §§ 2613(a), (d). EPA still cannot explain how a reporting entity who lacks knowledge of a specific chemical identity that was the subject of an EPA-approved confidentiality claim reveals anything confidential by submitting a report that contains only an accession number. Indeed, the entire point of an accession number is to act as a non-confidential identifier to protect the confidential chemical identity. In those instances, the underlying identity remains confidential and protectable under Freedom of Information Act Exemption 4, 5 U.S.C. § 552(b)(4), and TSCA Section 14 generally prohibits EPA from disclosing that information.

EPA offers several unconvincing responses to Petitioners' arguments. EPA asserts (at 54-56, 61-62) that the Final Rule accords with TSCA and EPA's longstanding interpretation by requiring anyone wishing to protect a confidential chemical identity to assert and substantiate a CBI claim at the time of submission. This justification ignores situations when the submitter lacks knowledge of the

specific chemical identity that is the subject of a prior confidentiality claim and thus, only has access to public information such as a generic name or accession number.[1] If an entity cannot assert and substantiate a confidentiality claim for specific chemical identity due to lack of knowledge, there is no basis for EPA to eliminate a previously approved confidentiality claim by the underlying entity or otherwise conclude the identity no longer qualifies for CBI protection. The person wishing to protect the confidentiality of the specific chemical identity—*i.e.*, the upstream supplier—will have already asserted and substantiated its CBI claim to EPA's satisfaction, and that claim generally remains valid for 10 years. *See* 15 U.S.C. § 2613(e). Nothing in the statute allows EPA to revoke that CBI claim based on a downstream customer's submission referencing only publicly-available information.

Practical considerations reinforce the statutory limitation on disclosure. The substantiation questions and certification requirements in the Final Rule make clear that the viability of an approved confidentiality claim for chemical identity cannot hinge on reporting by downstream customers lacking knowledge of that identity. *See* 40 C.F.R. § 703.5(b)(3)-(4); *see also* Pet'rs' Br. at 28-31. Those provisions ask, for

---

[1] As Petitioners' opening brief clarified (at 33), Petitioners are not challenging EPA's interpretation that a failure by one manufacturer to substantiate a confidentiality claim for chemical identity waives confidentiality for all other manufacturers *who have actual knowledge of that identity.* That is distinct from the reporting scenarios Petitioners are challenging here.

example, whether the chemical identity appears in any public documents, 40 C.F.R. § 703.5(b)(3)(iii)(B); whether the submitter has taken precautions to protect the information claimed as confidential, *id.* § 703.5(b)(3)(i); and whether a federal agency or a court has made a confidentiality determination regarding information associated with the chemical substance, *id.* § 703.5(b)(3)(v). And if the submitter asserts that the chemical substance is not publicly known, it must certify that it has "searched the internet for the chemical substance identity," including "by both chemical substance name and CASRN" and did not find a reference to the chemical substance. *Id.* § 703.5(b)(4)(i).

The Final Rule further requires a submitter to explain the "substantial" harm to its competitive position that would "likely" result from the release of the information claimed as CBI. *See* 40 C.F.R. § 703.5(b)(3)(i). This requirement makes no sense for a submitter who lacks knowledge of specific chemical identity. If anything, downstream customers often lack a business interest in protecting the at-issue chemical identity and would contrarily *benefit* from disclosure of the confidential chemical identity. *See* JA__ (Comments of National Association of Chemical Distributors on Confidential Business Information Claims Under the Toxic Substances Control Act, at 3, Docket ID No. EPA-HQ-OPPT-2021-0419-0040 (July 11, 2022)).

EPA never explains how a submitter without knowledge of a confidential chemical identity should answer any of the aforementioned questions, or more importantly, why the inability to do so means that the actual entity seeking to protect a confidential chemical identity—and who already has an approved CBI claim—loses the statutory protection from disclosure.

EPA also inconsistently characterizes what an accession number is when asserting that the Final Rule comports with the broad statutory prohibition on disclosure of confidential information. EPA initially faults Petitioners (at 56) for misunderstanding the nature of reporting and states that accession numbers are "proxies for the specific chemical identities" which are both the subject of a TSCA report and the information for which confidentiality is sought. There is no dispute that accession numbers are publicly available identifiers for confidential substances, *see* Pet'rs' Br. at 24-25, or that some submitters report using only accession numbers and generic names because they lack knowledge of the corresponding specific chemical identity. *See* EPA Br. at 59-60, 64. But where a submitter lacks knowledge of a confidential chemical identity, it cannot be expected to reassert and re-substantiate the previously approved confidentiality claim for the reasons discussed above. In those circumstances, there is no statutory basis for EPA to disclose the underlying identity so long as the specific identity: remains confidential; has already been substantiated by the original claimant with actual knowledge; has not been

withdrawn by that claimant; and still falls within the statutory 10-year period for protection. *See* 15 U.S.C. § 2613(e).

Elsewhere in its brief (at 63), EPA responds to Petitioners' argument that it has carved out a new exception to the general prohibition on disclosure by noting that the Final Rule reflects that EPA "retained the ability to determine, in the first instance, whether an accession number reported by a person without knowledge actually refers to the specific chemical identity." The idea that an accession number refers to information other than chemical identity undercuts EPA's assertion (at 56) that accession numbers are just "proxies" for specific identities. Regardless, it is beside the point. Downstream customers have to refer to something other than the specific chemical identity—which they do not know—when reporting substances under TSCA. By referring to the publicly available accession number, that reasonably ensures that the underlying specific chemical identity remains confidential under TSCA. What is *unreasonable*, however, is waiving confidentiality for the specific chemical identity merely because the downstream customer cannot substantiate what it does not know.

EPA's remaining responses (at 56-57, 63-64) to Petitioners' statutory arguments focus on how the Final Rule is consistent with TSCA because it relies on more specific reporting rules to address the knowledge issue. Notably, as in the Final Rule, EPA does not deny that its approach to the knowledge issue in the Final Rule

could result in improper disclosure of confidential chemical identity—and, as explained below, it *will*, until EPA updates specific reporting rules addressing the knowledge issue. But this is cold comfort, because nothing forces EPA to do so and, in any event, EPA would be violating the statutory prohibition on disclosure in the meantime. In all events, EPA's attempt to address the knowledge issue only in future specific reporting rules is arbitrary and capricious. *See infra* Part II.C.

## II. The Final Rule's Requirement to Assert and Substantiate Confidentiality Claims for Chemical Identities Reported via Nonconfidential Accession Numbers by Entities Who Lack Knowledge of the Confidential Identities is Arbitrary and Capricious.

EPA's defense of the Final Rule's approach to the "knowledge issue" boils down to two principal arguments: (1) EPA has long required submitters to assert and substantiate a CBI claim for specific chemical identity regardless of whether the submitter possesses knowledge of the underlying specific chemical identity; and (2) because the Final Rule does not contain any requirements to report chemical identity, it is reasonable to address, on a rule-by-rule basis, whether reporting via accession number by an entity who lacks knowledge of specific chemical identity should result in waiver of the underlying confidentiality claim. Not only are these two arguments inherently contradictory, neither withstands scrutiny.

## A. EPA Has Arbitrarily and Capriciously Adopted Inconsistent Approaches to The Knowledge Issue.

EPA's brief illuminates the Agency's failure to explain its inconsistent approaches to the knowledge issue over time. This Court has long recognized that "dissimilar treatment of evidently identical cases" is "the quintessence of arbitrariness and caprice." *Colo. Interstate Gas Co. v. FERC*, 850 F.2d 769, 774 (D.C. Cir. 1988).

On the one hand, EPA claims (at 57) that it has "long required assertion and substantiation of CBI claims for chemical identity reported only by accession number, regardless of the submitter's knowledge of the underlying specific chemical identity," though it offers only one unpersuasive example. On the other hand, EPA once again acknowledges Petitioners' concerns that an alternative approach to reporting and protecting confidential chemical identity is appropriate "where companies may lack knowledge of the specific chemical identity and may not be in a position to waive a claim for information they do not know." *Id.* at 59-60; *see also* 88 Fed. Reg. 37,155, 37,158 (June 7, 2023) (recognizing the knowledge issue can arise in specific contexts and assuring commenters that "[o]utside this final rule, the Agency has already begun exploring options for addressing the knowledge concerns raised by [] commenters"). EPA's failure to explain or otherwise reconcile these two inherently contradictory positions is arbitrary and capricious. *Transactive Corp. v. United States*, 91 F.3d 232, 236-37 (D.C. Cir. 1996).

As this Court has explained, where an agency has previously implemented a policy, it must either "conform" new rules to the "apposite existing regulations" or "offer [a] reasoned analysis for why actual differences between [the regulations] justify any conflict between [its] policies[.]" *Id.* (internal quotation marks and citation omitted). EPA has not done so here. EPA has recognized, both in prior rules and in the Final Rule, that there are circumstances where a submitter's failure to assert and substantiate a confidentiality claim for chemical identity should *not* result in a waiver of the original confidentiality claim because the submitter cannot substantiate an identity that it does not know. At the same time, EPA has yet to explain why it would ever be appropriate to find that a submitter's failure to substantiate a confidentiality claim for chemical identity due to lack of knowledge of the underlying specific chemical identity necessitates any waiver.

EPA's inconsistent interpretation of the term "chemical identity" adds another layer of arbitrariness. In some contexts, EPA appears to treat "chemical identity" and accession numbers as synonymous, such that any submitter who reports using only the publicly available accession number without asserting and substantiating a confidentiality claim waives the confidentiality claim as to the underlying specific chemical substance name even though the submitter (i) lacks knowledge of the specific name; and (ii) would be incapable of answering the substantiation questions. *See, e.g.*, EPA, *Instructions for Reporting 2020 TSCA Chemical Data Reporting*, at

4-51 (May 2020)[2] ("[A] manufacturer (including importer) [that] actually knows or can reasonably ascertain the *chemical identity* (e.g., the CASRN *or Accession Number*) of a chemical substance subject to CDR reporting" must report that information and provide upfront substantiation if the submitter wishes to claim the chemical identity as confidential. (emphasis added)).

In other contexts, however, EPA has plainly stated that "accession numbers may not be claimed as confidential," 40 C.F.R. § 711.30(c), and thus, EPA interprets chemical identity to include only the specific chemical substance name and CASRN, but *not* the non-confidential accession number. *See, e.g.*, 40 C.F.R. § 711.30(c)(1) (defining "chemical substance identity" as "chemical substance name and CASRN"). In fact, that is the interpretation set forth in one provision of the Final Rule. *See* 40 C.F.R. § 703.5(b)(4)(i) (requiring anyone claiming chemical identity as confidential to certify that they "searched the internet for the chemical substance identity (i.e., by both chemical substance name and CASRN)"); *accord* 82 Fed. Reg. 37,520, 37,536 (Aug. 11, 2017) ("A submitting company that *does not know the CBI chemical identity* of the substance that it is required to report" can select from a pick list "based on the corresponding non-CBI chemical identifiers, *EPA accession number and generic name*, provided they have this information." (emphasis added)).

_____

[2] https://www.epa.gov/sites/default/files/2020-12/documents/instructions_for_reporting_2020_tsca_cdr_2020-11-25.pdf.

These passages confirm that EPA *sometimes* recognizes that a submitter who only knows an accession number, but not the confidential specific chemical identity, cannot substantiate a confidentiality claim for the specific identity and need not assert and substantiate the CBI claim. *See* 82 Fed. Reg. at 37,536; *accord* EPA Br. at 60.

For these reasons, EPA's approach to the knowledge issue is arbitrary because it has "offer[ed] insufficient reasons for treating similar situations differently." *Cnty. of L.A. v. Shalala*, 192 F.3d 1005, 1022 (D.C. Cir. 1999) (internal quotation marks and citation omitted). EPA has not articulated any differences between TSCA reporting scenarios that would justify the Agency's differential approaches to the knowledge issue. In some contexts, EPA treats accession numbers as public information that cannot be claimed as confidential, yet in other contexts such as those governed by the Final Rule, accession numbers *must* be claimed as confidential to protect the underlying specific chemical identity because accession numbers are mere proxies for the confidential information. Finally, EPA undercuts its own claim that it has consistently required assertion and substantiation of confidentiality claims for specific chemical identity reported only by accession number—regardless of the submitter's knowledge of the underlying identity—by attempting to punt the knowledge issue to more specific reporting rules.

**B.    EPA's Claim that Its Approach to the Knowledge Issue Has Remained Consistent and Unchanged Lacks Record Support.**

For the first time, EPA asserts that it "has long required assertion and substantiation of CBI claims for chemical identity reported only by accession number, *regardless of the submitter's knowledge of the underlying specific chemical identity.*" EPA Br. at 57 (emphasis added). This *post hoc* justification cannot stand.

As Petitioners previously pointed out (at 31-34), none of the quoted passages from prior rulemaking documents that EPA relied on in the Final Rule addressed EPA's ability to remove CBI protection for a specific chemical identity based solely on reporting via accession number by a downstream customer who lacks knowledge of the underlying identity. Rather than try to explain how those quoted passages support its approach to the knowledge issue in the Final Rule, EPA now pivots to different regulatory language than it previously relied on to support its argument that it has not changed its policy. *See Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. ---, 140 S. Ct. 1891, 1909-10 (2020) ("An agency must defend its actions based on the reasons it gave when it acted."). EPA now argues (at 57-59) that it has, since 2011, required all submitters to assert and substantiate a CBI claim for specific chemical identity even when the submitter did not know the underlying chemical identity. EPA's lone support for its newly revamped position is the 2011 CDR Rule, 40 C.F.R. § 711.15(b)(3)(i). *Id.* That rule cannot bear the weight EPA places on it.

EPA's selective quotations from the regulatory text and preamble of the 2011 CDR Rule do not support the Agency's position. For starters, EPA's brief (at 59) omits part of § 711.15(b)(3)(i). That rule states that, for each reportable chemical substance, the submitter must report:

> *The specific, currently correct CA Index name as used to list the chemical substance on the TSCA Inventory and the correct corresponding CASRN for each reportable chemical substance at each site.* A submitter under this part may use an EPA-designated TSCA Accession Number for a chemical substance in lieu of a CASRN when a CASRN is not known to or reasonably ascertainable by the submitter. Submitters who wish to report chemical substances listed on the confidential portion of the TSCA Inventory will need to report the chemical substance using a TSCA Accession Number.

40 C.F.R. § 711.15(b)(3)(i) (2011) (emphasis added). That provision thus demonstrates that, as to non-confidential substances, submitters were required to report *both* the specific CA Index name and "a chemical identifying number associated with the correct CA Index Name," which would be the CASRN, or if not known or reasonably attainable,[3] the accession number. 75 Fed. Reg. 49,656, 49,666 (Aug. 13, 2010). By contrast, entities reporting a chemical substance listed on the confidential portion of the TSCA Inventory were required to report using the accession number.

---

[3] In some cases, a submitter may know the CAS Name but not the CASRN because the CASRN has not yet been created or generated. *See* 88 Fed. Reg. at 70,528.

Nothing in the quoted regulation above suggests that EPA acknowledged the possibility that an entity reporting solely via an accession number might lack knowledge of the underlying specific chemical identity. However, in neighboring provisions, which EPA neglects to mention in its brief, the regulation addresses how to report when a submitter "cannot provide the information specified in this paragraph (b)(3)(i) because it is unknown to the importer [or manufacturer] and claimed as confidential by its supplier[.]" *See* 40 C.F.R. § 711.15(b)(3)(i)(A)-(B). In those instances, the submitter must "ask the supplier to provide the correct chemical identity" and include "a copy of the request to the supplier" along with its submission. *Id.* In explaining this joint reporting structure, EPA stated in the preamble to the 2011 CDR Rule that "where a supplier *will not disclose to the submitter the specific chemical name* of the imported TSCA Inventory chemical substance . . ., the manufacturer (including importer) and the supplier may report . . . in a joint submission." 76 Fed. Reg. 50,816, 50,824 (Aug. 16, 2011) (emphasis added). Like the original three rulemaking documents cited in the Final Rule, the 2011 CDR Rule fails to support EPA's claim that it has long required submitters without knowledge of a specific chemical identity to assert and substantiate a CBI claim for that chemical identity or otherwise waive the CBI claim.

**C.     EPA's Position that the Knowledge Issue Is Best Addressed in Specific Reporting Rules Rings Hollow.**

Petitioners argued (at 36-37) that EPA effectively conceded that its approach to the knowledge issue in the Final Rule could result in arbitrary outcomes. In response, EPA asserts that because any requirement to report chemical identity information comes solely from more specific reporting rules, *see* EPA Br. at 56-57, 62, it is reasonable, and more effective, to address the "knowledge issue" in a rule-by-rule approach. *See id.* at 60, 63-64, 64-69. EPA's response lack merit.

EPA misleadingly claims that the Final Rule does not establish reporting obligations or otherwise require regulated parties to report a confidential chemical substance via accession number. A stated objective of the Final Rule was to "centralize[] most CBI-related procedures in a new part of the TSCA regulations" and "make them more consistent among submission types" by "replac[ing] the CBI provisions of several TSCA rules with a cross reference to 40 CFR part 703[.]" 88 Fed. Reg. at 37,156, 37,162. Consequently, CBI claims submitted under specific reporting rules that incorporate the Final Rule's assertion and substantiation provisions became subject to the Final Rule's provisions on disclosure—namely, automatic disclosure of confidential identities based on reporting via accession numbers by entities without knowledge of the underlying identities—on the Final Rule's effective date. *Id.* at 37,156 ("40 CFR part 703 will apply to any TSCA

submission, except as modified elsewhere by more specific provisions in 40 CFR part 2 or other TSCA-specific regulations in Title 40 of the CFR.").

To illustrate, the nanoscale reporting rule in 40 C.F.R. § 704.20(d)(1) requires manufacturers and processors of a discrete form of a reportable chemical substance to report, among other information, "specific chemical identity including the correct Chemical Abstracts (CA) Index Name and available Chemical Abstracts Service (CAS) Registry Number[.]" Although that reporting rule formerly contained standalone provisions governing treatment of CBI claims in 40 C.F.R. § 704.7, the Final Rule amended that section to simply state "[c]laims of confidentiality must be made in accordance with the procedures described in 40 CFR part 703." 88 Fed. Reg. at 37,171. Accordingly, a submitter without knowledge of a specific chemical identity who reports under the nanoscale rule via an accession number would waive the underlying CBI claim for that chemical substance, even though the submitter lacks the knowledge necessary to substantiate such claim. Contrary to EPA's characterization, the Final Rule *did* change requirements to report specific chemical identity in existing reporting rules while arbitrarily sidestepping the knowledge issue.

The Final Rule's immediate impact on reporting of chemical identity information for nanoscale materials also undercuts EPA's assertion (at 59-60) that the Inventory Reset Rule supports EPA's decision to defer resolution of the

knowledge issue to specific reporting rules. As Petitioners explained (at 29-30), in the Inventory Reset Rule, EPA understood that submitters who possess only non-confidential accession numbers cannot assert and substantiate confidentiality claims for the underlying specific identity due to lack of knowledge; therefore, EPA provided alternative reporting options to at least try to mitigate the risk that a submitter could improperly waive an otherwise valid confidentiality claim. The Final Rule, by contrast, reflects no such attempt to address the knowledge issue as to reporting of nanoscale materials. Instead, EPA acknowledged the problem and deferred resolution to more specific reporting rules, while simultaneously changing more specific reporting rules to provide for waiver of CBI claims based on reporting via accession numbers by entities without knowledge of specific chemical identities.

EPA also relies on a recently finalized reporting rule in arguing that it is reasonable to address the knowledge issue only in specific reporting rules. *See* EPA Br. at 67-68 (discussing TSCA Reporting and Recordkeeping Requirements for PFAS Substances Rule, 88 Fed. Reg. 70,516 (Oct. 11, 2023) (hereinafter "PFAS Reporting Rule")). According to EPA (at 68), its "action to identify and address the knowledge issue in the PFAS reporting rule" demonstrates that its decision to "address the knowledge issue on a case-by-case basis" is not arbitrary and capricious. Not so. The PFAS Reporting Rule is just another example of EPA's arbitrary and inconsistent approach to the knowledge issue. To be sure, the PFAS

Reporting Rule says that EPA "will not move [a] chemical identity to the public portion of the Inventory" where it determines that the specific chemical identity was a candidate for disclosure because there "was a waiver . . . by an entity that did not know the specific chemical identity[.]" 88 Fed. Reg. at 70,529. Yet, on its face, that rule does not indicate whether a submitter who possesses knowledge of only a non-confidential accession number is deemed to know the confidential "specific chemical identity." *See id.* EPA's PFAS reporting guidance, however, answers that question in the affirmative.

Under its PFAS reporting guidance, EPA unjustifiably treats knowledge of an accession number as knowledge of the underlying specific chemical identity such that reporting by accession number without upfront substantiation results in waiver. *See* EPA, *Instructions for Reporting PFAS Under TSCA Section 8(a)(7)*, at 4-59 (Oct. 2023)[4] ("In the event that a manufacturer (including importer) actually knows or can reasonably ascertain the chemical identity (*e.g.*, the CASRN or Accession Number) of a chemical substance subject to section 8(a)(7) reporting, the manufacturer (including importer) must provide that information irrespective of a supplier's confidentiality claims."). Thus, contrary to EPA's assertion that the PFAS Reporting Rule appropriately addresses the knowledge issue, that rule also

---

[4] https://www.epa.gov/system/files/documents/2023-11/tsca-8a7-reporting-instructions-10-11-23.pdf.

arbitrarily allows for the disclosure of a specific chemical identity based solely on reporting via accession number by a submitter lacking knowledge of the underlying chemical identity.

Based on the foregoing, EPA's reliance (at 66) on cases that recognize an agency is not required to solve every problem before it in a single rulemaking is misguided. Those cases do not supplant the familiar arbitrary and capricious standard, under which agency action is unlawful if an agency fails to consider important aspects of the problem; offers an explanation that runs counter to record evidence; or fails to articulate a reasonable explanation. *Advocs. for Highway & Auto Safety v. Fed. Motor Carrier Safety Admin.*, 429 F.3d 1136, 1145, 1147 (D.C. Cir. 2005). In *Advocates for Highway and Auto Safety*, the Court rejected the agency's self-serving attempts to characterize the challenged action as part of an overall program, as the agency "presented no reason to believe that [its approach] will address the deficiencies identified[.]" *Id.* at 1147.

Similarly, here, EPA's attempts to punt the knowledge issue to more specific reporting rules is arbitrary and capricious. The more specific reporting rules that EPA points to merely exacerbate the problem by leaving open the possibility that EPA will arbitrarily disclose confidential chemical identity where a downstream submitter having knowledge of only the substance's accession number reports that number. And EPA's suggestion that it is best to address the knowledge issue

incrementally in more specific reporting contexts misses the mark because the Final Rule's flawed approach to disclosure applies *now* by virtue of that rule's revisions to the regulations governing CBI claims for chemical identity of nanoscale materials.

## <u>CONCLUSION</u>

For the foregoing reasons, the Petition for Review should be granted.

March 22, 2024

Laura Gooding
American Chemistry Council
700 2nd Street, NE
Washington, DC 20002

*Counsel for Petitioner American Chemistry Council*

Richard S. Moskowitz
Tyler J. Kubik
American Fuel & Petrochemical Manufacturers
1800 M Street, NW, Suite 900N
Washington, DC 20036

*Counsel for Petitioner American Fuel & Petrochemical Manufacturers*

Respectfully submitted,

/s/ David Y. Chung
David Y. Chung
Warren Lehrenbaum
Lynn T. Phan
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 624-2587
dchung@crowell.com

*Counsel for American Chemistry Council and American Fuel & Petrochemical Manufacturers*

**CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) and this Court's briefing order because this brief contains 4,418 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f) and Circuit Rule 32(e)(1).

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Office Word in 14-point Times New Roman font.

Dated: March 22, 2024

/s/ David Y. Chung
David Y. Chung

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2024, I have caused the foregoing to be filed electronically with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ David Y. Chung
David Y. Chung